May 30, 2008

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


SANDRA WILLIAMS, ET AL.                            CIVIL ACTION

VERSUS                                             NO. 08-1298

GARY HOYLE, ET AL.                                 SECTION "A"(4)
```

## ORDER AND REASONS

Before the Court is a **Motion to Remand (Rec. Doc. 4)** filed by plaintiffs Sandra Williams and Olivia Williams.  Defendant Liberty Mutual Insurance Co. opposes the motion.  The motion, set for hearing on May 28, 2008, is before the Court on the briefs without oral argument.  For the reasons that follow, the motion is GRANTED and this suit is REMANDED to state court.

**I.   BACKGROUND**

This lawsuit arises out of a motor vehicle collision that occurred in Jefferson Parish on March 18, 2007.  Plaintiffs, Sandra Williams and Olivia Williams, allege that a vehicle owned by defendant Gary Hoyle and operated by defendant Mona Hoyle rear-ended their vehicle.  (Pet. ¶ 3).  Plaintiffs claim a litany of damages including severe and disabling injuries as a result of the collision.  (Id. ¶ 5).

Plaintiffs filed suit in state court against the Hoyles and

their liability insurer Liberty Mutual.  Allstate Insurance Co., Sandra Williams' UM carrier, was also joined as a defendant. Liberty Mutual removed the suit to this Court.  With respect to the other defendants the notice states only that "[a]ll defendants, served or unserved, consent to removal."  (Ntc. Rem. ¶ 7).

Plaintiffs now move to remand the case to state court. Plaintiffs argue that the removal is procedurally defective because all properly served defendants did not timely join in/consent to the removal.[1]

In opposition, Liberty Mutual contends that Allstate did consent to the removal and offers a letter from counsel for Allstate to establish that fact.  Liberty Mutual contends that this case is analogous to <u>Sercovich v. State Farm Mutual Automobile Insurance Co.</u>, No. 99-2476, 1999 WL 970346 (E.D. La. Oct. 21, 1999), wherein the Court found that certain allegations made in the notice of removal sufficed to establish consent by a non-removing defendant.

## II.  **<u>DISCUSSION</u>**

The law in this circuit is well-settled in that all

---

[1] Plaintiffs also challenge the existence of diversity jurisdiction in their motion to remand because they contend that the Hoyles, like the Williamses, are citizens of Louisiana.  The Hoyles claim to be citizens of the State of Kentucky, (Ntc. Rem. ¶ 5), and in their reply memorandum Plaintiffs do not take issue with that contention.

defendants who are properly joined and served must join in the removal petition and failure to do so renders the petition defective  Getty Oil Corp. v. Insurance Co. of N.A., 841 F.2d 1254, 1262 (5th Cir. 1988) (citing Brown v. Demco, Inc., 792 F.2d 478, 481 (5th Cir. 1986); Harris v. Edward Hyman Co., 664 F.2d 943, 944 & n.3 (5th Cir. 1981)).  Further, the joinder by all defendants must be timely such that all properly joined and served defendants manifest their consent within thirty days *from the day on which the first defendant was served*.  Id. at 1263.

In Getty, supra, the Fifth Circuit explained that even though consent from each defendant is all that is required, each defendant must do so itself.  841 F.2d at 1262 n.11.  Each defendant need not sign the petition for removal, but there must be a timely-filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to the removal.  Getty, 841 F.2d at 1262 n.11.  The Fifth Circuit explained that without such an indication there would be nothing in the record to "bind" the allegedly consenting defendant.  Id.

Applying these principles the Fifth Circuit found the allegation that the non-removing defendant "do[es] not oppose and consent[s] to this Petition for Removal" insufficient to manifest consent.  Id.  The Fifth Circuit found the allegation to be

3

inadequate because the removing defendant did not state any basis for the allegation.  Id. at 1263 n.12.  In particular, the removal notice did not contain a statement that the non-removing defendant had authorized the removing defendant to represent to the court on its behalf that it consented to the removal.  Id. at 1262 n.11.

Turning now to the instant case, the sole allegation contained in Liberty Mutual's notice of removal is that "[a]ll defendants, served or unserved, consent to removal."  This statement is clearly deficient under the law in this circuit.  The statement does not reference Allstate specifically and it is wholly unsupported.  The statement does not suggest that Allstate authorized Liberty Mutual to make a representation to the Court-- a representation such that the statement of consent would bind Allstate.  The statement regarding consent is inadequate as a matter of law.

Liberty Mutual has submitted a letter from Allstate's counsel confirming to Liberty Mutual's counsel that Allstate had consented in the removal.  The letter from Allstate, which was submitted with the opposition memorandum, does not cure the defect because the law requires that consent be timely.  Liberty Mutual was served on February 27, 2008, which means that all defendants who had been served as of the removal date had thirty days from February 27th to manifest their consent.  The letter

4

from Allstate's counsel is dated April 21, 2008, clearly outside the thirty day period. (Def. Exh. C). The requirement that a defendant give consent within 30 days after the first defendant receives service is a rigid rule. <u>Morales v. Shaffer</u>, No. 07-3054, 2007 WL 3237457, at * 2 (E.D. La. Oct. 31, 2007) (Vance, J.).

Further, Liberty Mutual's reliance on <u>Sercovich</u> is misplaced because the allegations in that case were far more specific than the one at issue here. In that case counsel for State Farm specifically alleged in the notice that he had "spoken with Mr. Masterson (Geico's counsel) and that Geico Insurance Company joins in this removal." 1999 WL 970346, at * 1. Moreover, Judge Fallon found that Geico's consent was buttressed by the fact that Geico had filed a dispositive motion in federal court after the case had been removed. In contrast, the record in the instant case suggests that Allstate filed responsive pleadings in the state court proceeding on March 31, 2008, two weeks after the case had been removed. (Rec. Doc. 10, Exh. A).

In sum, the record does not establish that all served defendants timely consented to the removal. The removal was procedurally defective and Plaintiffs are therefore entitled to return to state court.

Accordingly;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 4)** filed

5

by plaintiffs Sandra Williams and Olivia Williams should be and is hereby **GRANTED**.  This matter is **REMANDED** to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c).

\* \* \* \* \* \* \*

*[signature: Jay C. Zainey]*